UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-60936-GAYLES
MAGISTRATE JUDGE P.A. WHITE

DONNIE BURNELL MONROE,  :

    Plaintiff,  :

v.  :  **AMENDED** REPORT OF MAGISTRATE JUDGE

BROWARD COUNTY STATE  :
ATTORNEY'S OFFICE, ET AL.,
    :
    Defendants.

## I. Introduction

The Plaintiff, who is a pretrial detainee at the Broward County Main Jail in Fort Lauderdale, Florida, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (DE# 1). He is proceeding *in forma pauperis*. The Complaint is presently before the Court for screening.

## II. Screening Standard

Because the Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code Title 28, Sections 1915 and 1915A. Section 1915(e)(2)(B) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that –
> ...
> (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be

1

>     granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Id. (emphasis added).

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312 (1981); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); Whitehorn v Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) or and Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id.

### III. Claims

The Plaintiff names as the sole Defendants the Broward County State Attorney Michael Satz and Assistant State Attorney Jonathan Goodman.[1]

---

[1] The Plaintiff has also named Jonathan Goodman as a Defendant in case number 17-CV-60882-BLOOM, which the undersigned has recommended be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

The entire "Statement of Claim" section states, *verbatim*:

> I have been subjected and victim of violations of reoffender unconstitutional acts, violations of negative treatment by all listed defendant previously file federal complaint under the Civil Rights act 42 U.S.C. Section 1983; I have been subjected to violations of proposed legislation laws, violations of probable cause and capias laws, habeas corpus law violations, violations of classification of alleged offenses, violent career criminal; habitual felony offender statute 775.084; rule 3.121 arrest warrant violations, 116 ALR 587 statute necessity and sufficiency of officers jurat or certificate as to oath violations, arrest warrant or summons on a complaint Rule 4 violations, thus clearly placing my life in imminent danger; double jeopardy in which I am in fear of my life and subceptible to suffering great bodily harm due to my incarceration in maximum custody imprisonment. This is genuine emergency.

(DE# 1 at 2-3).

He seeks as relief dismissal of the charges in case number 15-003612-CF10A, and nominal, punitive, and compensatory damages of $21,000. (DE# 1 at 2).

## IV. Discussion

(1) State Prosecutors

Traditional common-law immunities for prosecutors apply to civil cases brought under Section 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427-28 (1976). At common law, the traditional rule was that "a prosecutor is absolutely immune from suit for malicious prosecution." <u>Malley v. Briggs</u>, 475 U.S. 335, 342 (1986). In Section 1983 actions, prosecutors have absolute immunity for all activities that are "intimately associated with the judicial phase of the criminal process." <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335 (2000). Absolute immunity involves a functional approach, which

4

looks to "the nature of the function performed, not the identity of the actor who performed it," to determine immunity. Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999). Therefore, absolute immunity applies to a prosecutor's actions "in initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This includes acts undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones, 174 F.3d at 1281. This also includes parole decisions, which are a continuation of the sentencing process. Allen v. Thompson, 815 F.2d 1433, 1434 (11th Cir. 1987). If a prosecutor functions in a capacity unrelated to the role as an advocate for the State, she is not protected by absolute immunity but enjoys only qualified immunity. Kalina v. Fletcher, 522 U.S. 118, 121 (1997).

The Plaintiff names as Defendants Broward County State Attorney Michael Satz and Assistant State Attorney Jonathan Goodman. He has failed to state any theory under which they could be found liable in this Section 1983 action. Therefore, the claims should be dismissed.

(2) <u>Sufficiency of the Allegations</u>
The Plaintiff fails to make a single factual allegation against either of the Defendants or explain how they violated his constitutional rights in any way. See Anderson v. Fulton County Gov't, 485 Fed. Appx. 394, 396 (11th Cir. 2012) (dismissal as frivolous as the complaint related to a defendant was proper where the complaint did not describe any specific factually allegations as to that defendant). His conclusory citations to various Florida rules and laws, and constitutional amendments are conclusory, frivolous, and warrant no serious discussion. See generally United States v. True, 2003 WL 21254889, *1 (M.D. Fla. April 25, 2003)

(stating "the Court feels no duty to respond to the substance of ... preposterous claims.").

The Complaint should be dismissed in its entirety for failure to state a claim and as frivolous.

(3) <u>Abstention</u>

The federal courts generally does not interfere in ongoing state court proceedings. Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "<u>Younger</u> abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Christman v. Crist</u>, 315 Fed. Appx. 231, 232 (11th Cir. 2009) (citing <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003)).

The Plaintiff seeks as relief, *inter alia*, dismissal of case number 15-003612-CF10A, presumably relating to his pending Florida criminal charges.

The Plaintiff has not alleged any facts to demonstrate a valid reason to disregard the policy of abstention and therefore, even if the Plaintiff had named a Defendant against whom this suit could proceed, it would still be subject to dismissal.

(4) <u>Damages</u>

In an action pursuant to Section 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotion distress, impairment of reputation, and personal

6

humiliation. <u>Slicker v. Jackson</u>, 215 F.3d 1225, 1231 (11th Cir. 2000). The Prison Litigation Reform Act ("PRLA") provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act...." 42 U.S.C. § 1997e(e). A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive damages unless he alleges some physical injury that is more than *de minimis*. <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1312-13 (11th Cir. 2002); <u>Al-Amin v. Smith</u>, 637 F.3d 1192 (11th Cir. 2011). The physical injury must be more than "*de minimis*" but need not be "significant." <u>Harris v. Garner</u>, 190 F.3d 1279, 1286 (11th Cir. 1999) *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000)(en banc). Section 1997e(e) does not affect the availability of declaratory or injunctive relief or nominal damages. <u>Id.</u> at 1288; <u>Smith v. Allen</u>, 502 F.3d 1255, 1271 (11th Cir. 2007).

The Plaintiff seeks, *inter alia*, punitive and compensatory damages and claims that he is in danger, but fails to allege facts that he suffered any physical injury whatsoever. Therefore, his claims for compensatory and punitive damages should be dismissed pursuant to Section 1997e(e).

## V. Conclusion

Based on the foregoing, it is recommended that the complaint be dismissed in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii) as frivolous, for failure to state a claim upon which relief can be granted, and for seeking monetary relief against immune parties, and under Section 1997e(e) for failure to allege physical injury, and that this case be closed. Nevertheless, it is also recommended that the Plaintiff be

permitted to amend the complaint to cure the deficiencies, if possible and if he so chooses, **by a date certain** with the warning that failure to amend by the given date will result in a dismissal of this action.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report.

Dated in Miami, Florida, this 18th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE

cc: Donnie Burnell Monroe
    501501341
    Broward County Main Jail
    Inmate Mail/Parcels
    Post Office Box 9356
    Fort Lauderdale, FL 33310
    PRO SE